MERCHANTS' BANK OF ST. LOUIS, Appellant, *v.* CHARLES SAS-
SEE *et al.*, Respondents.

*Banks—Exchange.*—The banks chartered by the State may charge, in addition
to the interest mentioned, a reasonable premium on exchange when the note
or obligation is payable out of the county in which it is discounted. (Sess.
Acts, 1857, p. 22, s. 38.)

*Appeal from Chariton Circuit Court.*

*Price & Harris*, for appellant.

I. The Circuit Court, in deciding that a premium on ex-
change could not be demanded and received upon the note
sued on, assumed that the branch of the Merchants' Bank of
St. Louis, at Brunswick, had its location, so far as the right
to charge the one per cent. premium on the note was con-
cerned, in St. Louis. In other words, it assumed, or had to
assume in order to decide as it did, that the Merchants' Bank
of St. Louis was located not only in the city of St. Louis, but
in every county where there is a branch of said bank—in the
counties of Chariton, St. Clair and Ste. Genevieve ; and that
the branch bank at Brunswick is located in St. Louis, so far
as this question is concerned.

It is contended that the words "*any bank*," as used in sec-
tion 33 above referred to, is a general term, embracing and
referring not only to a parent bank, but to the branch banks.
That this construction is correct will be evident from an ex-
amination of various sections of the act referred to. (See
§ 7, 9, 11, 18, 21, 23, 28.) Other sections of the same act
seem to show clearly that the Legislature, where speaking of
the "*location*" of branch banks, regards them as having sep-
arate and distinct "*locations*" from their parent banks. (See
bank act, 1856–7, art. 1, § 8, 10, 12, 31 ; art. 2, § 2 & 3 ; art.
3, § 6 & 8.)

*Musser*, for respondents.

I. Two questions present themselves in this case.

1. Did the bank, in exacting the one per cent. premium in

addition to seven per cent. interest per annum, violate the law as contained in her charter?

2. What is the effect of such violation on the contract? Does it render the whole contract void, as to paper and endorsers, or will the court enforce a contract entered into with a corporation without the authority and in violation of law?

In determining the first proposition, I rely on the first article of "An act to regulate Banks and Banking Institutions and to create the office of Bank Commissioner," and the 33d section of Sess. Acts, 1856–7.

To entitle a bank lawfully to charge this premium, the note, bill or obligation must be made payable outside of the county where the bank is located. In determining the locality of the bank which is plaintiff in this cause, I rely upon the first section of chapter 3 of the 4th article of the act above cited.

There is a constitutional provision which forbids the establishment of more than ten banks in this State. And the court, in taking judicial notice of the locality of the Merchants' Bank of St. Louis, and of her corporate existence, will also take judicial notice of the locality and existence of her nine sister parent institutions, and of their several branches.

The bank and all its branches constitute but one corporation; the contracts of its branches are essentially the contracts of the parent bank. There can exist no consideration on which to base a charge for exchange in addition to interest, simply because a contract is entered into away from the locality of the corporation, when the place of *performance* is at her own counter.

A corporation possesses only those powers conferred on it by its charter. And plaintiff, having entered into a contract with defendant unauthorized by her charter and in violation of law, such contract is void, and she is not entitled to recover anything in this action. (Orr v. Lacey, 2 Doug. Mich. 230; Bank of Michigan v. Niles, 1 Doug. Mich. 171; Hulbert v. Bultain, 2 Doug. Mich. 191; Mr. Justice Sharkey's

dissenting opinion in Planters' Bank v. Snodgrass, 4 How. Miss. R. 573; Grand Gulf Bank v. Archer, 8 Smed. & Mar. 151; Bank v. Owens, 2 Peters, 527; Armstrong v. Toller, 11 Wheaton, 258; Angell & Ames, Corp. § 256.)

The bank in discounting the note here sued on, corruptly received a greater rate of interest than allowed by law; the note is therefore void. The court will not enforce a contract made with a corporation in violation of her charter. (Orr v. Lacy, 2 Doug. Mich. 26½; Bank v. Owens, 2 Pet. 527; Rust v. Wallace, 4 McLean; Davis v. Bank of River Raisin, 4 McLean, 378; Bank v. Waggoner, 9 Pet. 399; People v. Utica Ins. Co. 15 John. N. Y. 9, 383; N. Y. Firemen's Ins. Co. v. Ely, 5 Conn. 560; 13 Conn. 266; 2 Cow. 110; 9 Mass. Rep. 54.)

II. The court erred in giving judgment against defendant for the amount of the note less the premium illegally charged.

BATES, Judge, delivered the opinion of the court.

The plaintiff sued the defendants on a note of the defendants which the plaintiff acquired by discounting the same at its branch at Brunswick, in Chariton county, Missouri. The note was by its terms payable at the Merchants' Bank of St. Louis, at the city of St. Louis. The plaintiff, in discounting the note, deducted from the amount of it and in that way received the interest permitted by law to be received, and also in adddition thereto a sum for premium on exchange. The defendants set up this fact as a defence to the suit.

This is a common and well known trick of the banks for increasing their profits, and seems to have been intended by the Legislature.

The 33d section of the first article of the " Act to regulate Banks," &c., (Sess. Acts, 1856–7, p. 22,) is as follows:

" No bank shall directly or indirectly receive or demand, by way of interest or discount, more than six per cent. per annum, on paper not having over one hundred and twenty days to run until due, and seven per cent. on all paper having one hundred and twenty days and not more than six

months to run until due ; the interest to be computed accord-
ing to the ordinary rules of banking institutions; and nothing
in this act shall be construed so as to prevent any bank from
demanding and receiving a reasonable premium on exchange
in addition to interest upon all notes, bills or obligations
payable beyond the limits of the county where the bank is
located."

The third chapter of the fourth article of the same act en-
acts that "a banking company is hereby established in the
city of St. Louis, to be known by the name and style of *The
Merchants' Bank of St. Louis.*"

The court below, in this case, held that the premium re-
ceived by the plaintiff could not be lawfully received, and
gave judgment for the plaintiff for the amount of the note
less the amount of the premium paid to it. The plaintiff
appealed. The only question for consideration is whether
the note was payable beyond the limits of the county where
the bank is located.

The act evidently intends that the bank shall be located in
some county, and that it is not located in some other coun-
ties, and it establishes it in the city of St. Louis, and provides
that it shall establish a branch at Brunswick in the county of
Chariton. Primarily the location of the bank is at the city
of St. Louis, in the county of St. Louis, and in strictness the
note was not payable beyond the limits of the county where
the bank is located ; but it appears to us to be obvious that
the intention of the Legislature was to enable a bank to
charge a premium for exchange when the note should be
payable in a different county from that in which it should be
discounted. In this view the court below erred in deducting
from the amount of the judgment the premium which had
been received by the plaintiff.

The suit was originally brought in the name of the branch
at Brunswick as a distinct corporation. A demurrer was
sustained to that petition, but the plaintiff amended by sub-
stituting its own corporate name, and we are not therefore

called upon to review the decision of the court below upon that demurrer.

Judgment reversed and cause remanded.    Judges Bay and Dryden concur.